IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY EDWARDS**                                                                **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 3:17-cv-972-CWR-FKB**

**JACKSON HINDS COMPREHENSIVE**
**HEALTH CENTER**                                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

Before the Court are Kimberly Edwards's complaint [1] and motion for leave to proceed *in forma pauperis* ("IFP") [2]. For the following reasons, the undersigned recommends that she be granted IFP status, but that her case be dismissed for lack of jurisdiction.

"28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees." *Cooley v. Hodge*, No. 2:17-cv-71-KS-MTP, 2017 U.S. Dist. LEXIS 141974, at *2 (S.D. Miss. Aug. 17, 2017)(citing *Barnes v. Sec., Dep't. of Treasury*, 2010 U.S. Dist. LEXIS 112349, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010)). Where the plaintiff's financial information shows that a filing fee would cause undue financial hardship, the district court has discretion to reduce or waive the fee. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Cooley*, 2017 U.S. Dist. LEXIS 141974, at *2 (quoting *Williams v. Beau Rivage*, 2009 U.S. Dist. LEXIS 103000, 2009 WL 3431457 (S.D. Miss. 2009)).

Having considered Edwards's financial affidavit, the undersigned finds that her IFP motion is well-taken and due to be granted. No filing fee will be assessed.

Once a court has determined that a plaintiff may proceed IFP, 28 U.S.C. § 1915(e)(2)(B) requires that the court next determine whether the complaint "(i) is frivolous or malicious; (ii) fails

1

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Day v. Seiler*, 560 F. App'x 316, 318 (5th Cir. 2014).

Edwards, a Mississippi resident, contends this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship). [1] at 1. She has filed suit against the Jackson-Hinds Comprehensive Health Center, a Mississippi corporate entity. *Id.* at 2-3. She alleges that the defendant (1) acted negligently by putting false information in her medical records, and (2) committed medical malpractice while drawing blood from her arms. *Id.* at 4. She claims that she has suffered health problems as a result and demands $227,000,000.00 in damages. *Id.*

"A federal court has subject matter jurisdiction over civil cases 'arising under the Constitution, laws, or treaties of the United States,' or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties." *Nixon v. Goldman Sachs Mortg. Corp.*, No. 3:16-CV-597-L, 2016 WL 3763425, at *2–3 (N.D. Tex. July 14, 2016)(citing 28 U.S.C. §§ 1331, 1332)). "Absent jurisdiction conferred by statute or the Constitution, [federal courts] lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking." *Id.* "A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). A "federal court may raise subject matter jurisdiction *sua sponte*." *Id.* at *3 (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005)).

"Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant." *Id.* at *3 (citing *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988)). "Otherwise stated, 28 U.S.C. § 1332 requires

complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant." *Id.* (citing *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003)). "Failure to allege adequately the basis of diversity mandates remand or dismissal of the action." *Id.* (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

The undersigned finds that this Court does not have jurisdiction over this dispute between Mississippi residents. The undersigned therefore recommends that this case be dismissed without prejudice for lack of jurisdiction.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

So recommended, this the 11th of June, 2018.

   /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE